IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

_____
                                          )
NATIONAL SMALL BUSINESS    )
UNITED d/b/a the NATIONAL SMALL )
BUSINESS ASSOCIATION, *et al.*,    )
                                          )
                    Plaintiffs,   )   Civil Action No. 5:22-CV-1448-LCB
                                          )
              v.                   )
                                          )
JANET YELLEN, in her official    )
capacity as Secretary of the Treasury,  )
*et al.*,                                     )
                                          )
                  Defendants.  )
_____ )

**JOINT MOTION FOR BRIEFING SCHEDULE**

      Plaintiffs National Small Business United, d/b/a the National Small Business Association, and Isaac Winkles, and Defendants Janet Yellen, in her official capacity as Secretary of the Treasury, the U.S. Department of the Treasury, and Himamauli Das, in his official capacity as Acting Director of the Financial Crimes Enforcement Network ("FinCEN"), respectfully request that the Court enter a dispositive briefing schedule and associated page limitations to govern future proceedings in this matter. The pertinent facts are as follows:

      1.    Plaintiffs filed their Complaint on November 11, 2022, ECF No. 1 ("Compl."), and served the U.S. Attorney's Office on November 21, 2022. In their

Complaint, Plaintiffs challenge the constitutionality of the Corporate Transparency Act, 31 U.S.C. § 5336 ("CTA"), which requires statutorily defined "reporting companies" to disclose certain information about their "beneficial owners," *id.* § 5336(a)(3), 5336(a)(11). Plaintiffs assert that the CTA (1) unconstitutionally usurps States' power to regulate entity formation in excess of Congress's powers, Compl. ¶¶ 41-50 (citing U.S. Const. Art. I, amends. IX, X); invades Plaintiffs' privacy and violates their rights against unreasonable search and seizure and compelled self-incrimination, *id.* ¶¶ 51-56 (citing U.S. Const. amends. IV, V, IX); contravenes Plaintiffs' First Amendment rights to free speech and association, *id.* ¶¶ 57-62 (citing U.S. Const. amend I); and violates the Fifth Amendment's Due Process Clause because it is unconstitutionally vague, *id.* ¶¶ 63-66 (citing U.S. Const. amend V).

2. Pursuant to Federal Rule of Civil Procedure 12(a)(2), Defendants' response to Plaintiffs' Complaint is currently due on or before January 20, 2023.

3. Shortly after filing the Complaint, Plaintiffs' counsel contacted counsel for Defendants about the Plaintiffs' belief that the case was time-sensitive and warranted a streamlined approach. Pursuant to a rule promulgated by FinCEN, reporting companies created or registered after January 1, 2024, will have 30 days after receiving notice of their creation or registration to report beneficial ownership and applicant information, and reporting companies created or registered before January 1, 2024 will have until January 1, 2025 to report such information.

Beneficial Ownership Reporting Requirements, 87 Fed. Reg. 59,498, 59,591-92 (Sept. 30, 2022).  While Plaintiffs do not currently believe that a motion for preliminary injunction is needed to obtain a ruling before those effective dates, they do believe that a streamlined briefing schedule, in which both parties seek a final judgment by this Court relatively quickly, would be appropriate.  Counsel for Defendants agreed to cooperate with Plaintiffs in proposing such a schedule to the Court.

4. The parties have conferred over the past several weeks and agree that the case can be resolved without the need for discovery.  The parties further agree that the case can be resolved through dispositive motions.

5. In light of the number and complexity of issues presented by Plaintiffs' Complaint, *see* ¶ 1, *supra*, as well as a mutual desire for efficient resolution of this matter, the parties jointly request that the Court set a briefing schedule and page limitations[1] to govern dispositive motions.  This request includes an extension of time for Defendants to file their response to Plaintiffs' Complaint pursuant to Rule 12.  Specifically, the parties jointly propose the following schedule and page limitations:

---

[1] The parties' submissions will be formatted in Times New Roman, 14-point type, except footnotes, which will be formatted in 12-point type.

    a. Plaintiffs will file their Motion for Summary Judgment on or before February 15, 2023, and any memorandum or brief in support of that motion may be up to and including 40 pages;

    b. Defendants will file a consolidated Opposition to Plaintiffs' Motion for Summary Judgment and Motion to Dismiss or, in the alternative, Cross-Motion for Summary Judgment on or before March 29, 2023, and any memorandum or brief in support of that consolidated opposition and motion may be up to and including 60 pages;

    c. Plaintiffs will file a consolidated Rely in Support of their Motion for Summary Judgment and Opposition to Defendants' Motion to Dismiss or, in the alternative, Cross-Motion for Summary Judgment on or before May 2, 2023, and any memorandum or brief in support of that consolidated reply and opposition may be up to and including 40 pages; and

    d. Defendants will file a Reply in Support of their Motion to Dismiss or, in the alternative, Cross-Motion for Summary Judgment on or before May 25, 2023, and any memorandum or brief in support of that reply may be up to and including 20 pages.

6.     The parties respectfully submit that neither the parties nor the Court will be prejudiced by this schedule.

7. No party has previously moved to extend any deadline in this case.

8. Therefore, and for the good cause shown above, the parties respectfully request that the Court enter the schedule and page limitations described in ¶ 5, *supra*.

DATED: January 11, 2023          Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                DIANE KELLEHER
                                                Assistant Branch Director

                                                */s/ Stuart J. Robinson*
                                                STUART J. ROBINSON
                                                Senior Counsel
                                                TAYLOR N. PITZ
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                450 Golden Gate Ave., Suite 7-5395
                                                San Francisco, CA 94102
                                                Tel: (415) 436-6635
                                                Fax: (415) 436-6632
                                                Email: stuart.j.robinson@usdoj.gov

                                                *Counsel for Defendants*

/s/ _____
John Neiman
MAYNARD COOPER & GALE
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1000
jneiman@maynardcooper.com

Kenyen Brown*
HUGHES HUBBARD & REED LLP
Telephone: (212) 837-6000
1775 I Street, N.W.
Washington, D.C., 20006-2401
Telephone: (202) 721-4600
kenyen.brown@hugheshubbard.com

Thomas Lee*
thomas.lee@hugheshubbard.com
Terence Healy*
terence.healy@hugheshubbard.com
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone:  (212) 837-6344
Fax:  (212) 299-6020
*pro hac vice motion forthcoming

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 11, 2023, I served the foregoing motion on all counsel of record by filing it with the Court by means of its ECF system.

                                          */s/Stuart J. Robinson*
                                          Stuart J. Robinson