# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| NATIONAL SMALL BUSINESS UNITED d/b/a/ the NATIONAL SMALL BUSINESS ASSOCIATION, *et al.* | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. <u>5:22-cv-01448</u> |
| v. | ) |
| JANET YELLEN, *et al.* | ) |
| Defendants. | ) |

## PLAINTIFFS' OPPOSITION TO
## <u>MOTION FOR LEAVE TO FILE AMICUS BRIEF (DOC. 26)</u>

Plaintiffs emphatically disagree with the arguments the Government has offered in defense of the Corporate Transparency Act, but there is no doubt that the Department of Justice's attorneys are representing their clients with the highest degree of competence. The *amicus* brief now proposed by outside advocacy groups would add nothing to DOJ's efforts. It also would interfere with the deadlines and page limits Plaintiffs and DOJ negotiated for this Court's expedited scheduling order, which was designed to give the Court time to rule on these questions before January 1, 2024, when the Act's disclosure requirements otherwise would take effect. This Court should deny the putative *amici*'s motion (Doc. 26) to file their potentially disruptive brief.

Previous opinions in this District by Judges Blackburn and Ott have described the considerations governing a "district court's discretion" over "whether to permit the filing of an *amicus* brief." *Alabama v. United States*, No. 2:16-cv-0029-JEO, 2016 WL 7010948, at *2 (N.D. Ala. Apr. 22, 2016) (quoting *Maples v. Thomas*, No. 5:13-cv-02399-SLB-MHH, 2013 WL 5350669, at *3 (N.D. Ala. Sept. 23, 2013)). In denying leave to file an *amicus* brief to support DOJ's defense of the Government, Judge Ott described the framework as follows:

> "An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision of the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). "Otherwise, leave to file an *amicus curiae* brief should be denied." *Id.*

*Alabama*, 2016 WL 7010948, at *2.

Judge Blackburn likewise explained, when similarly denying a motion for leave to file an *amicus* brief:

> There is no procedural rule pertaining to the filing of *amicus* briefs in federal district court. However, rules concerning such filings can be found in Federal Rule of Appellate Procedure 29 and Supreme Court Rule 37.1. *See Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344 (S.D. Ala. 2008) ("District courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure."). FED. R. APP. P. 29(b)(1) and (2) require that the proposed brief state "the movant's interest" and "the reason why an

2

>*amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." Movants that "do[ ] not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance" should not be granted leave to file *amicus* briefs. *Neonatology Assoc., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3rd Cir. 2001). Relevance is further explained in SUP. CT. R. 37.1:
>
>> An *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court. An *amicus curiae* brief that does not serve this purpose burdens the Court, and its filing is not favored.

*Maples*, 2013 WL 5350669, at *2-3 (quoted in *Alabama*, 2016 WL 7010948, at *2).

The brief proposed by the groups seeking to support the Government in this case—Financial Accountability & Corporate Transparency Coalition, Transparency International U.S., and Main Street Alliance—fails this test. As Judges Blackburn and Ott explained, ""whether to allow the filing of an amicus curiae brief is a matter of "judicial grace."" *Id.* (both quoting *Voices for Choices v. Ill. Bell Tel.,* 339 F.3d 542, 544 (7th Cir. 2003)). Even when the "work and interest" of putative *amicus* groups are worthy of "appreciat[ion]" and respect, "other reasons" may "warrant denying their motion." *Alabama*, 2016 WL 7010948, at *3. Those reasons are amply present here.

The critical consideration as to these nonparties' asserted interest in this case is that, as Judge Ott observed in *Alabama*, it is "the Department of Justice," not any outside advocacy group, that "is charged with 'the conduct of litigation in which the United States, an agency, or officer thereof is a party.'" *Alabama*, 2016 WL

7010948, at *3 (quoting 28 U.S.C. § 516). It is just as true in this case that "[t]here is no suggestion or reason to believe that the Department of Justice cannot adequately and effectively present and retort the relevant issues raised in this litigation, including in the present motion to dismiss." *Id.* Moreover, when it comes to the merits of the constitutional issues presented, DOJ argues in its brief that "the Court must defer to the political branches on these matters, not to advocacy groups or private citizens." Doc. 24-1 at 45. To the extent that the federal government believes that it can supply a constitutional justification for this congressional enactment—and to be clear, it can't—that justification must come from the federal government itself.

The putative *amici* do not offer any persuasive argument that they need to be involved in this litigation. They do not claim "'a direct interest in another case that may be materially affected by a decision in this case.'" *Maples*, 2013 WL 5350669, at *3 (quoting *Voices for Choices*, 339 F.3d at 545). Nor do they have a "unique perspective or specific information that can assist the court beyond what the parties can provide." *Id.* Although these putative *amici* offer the conclusory assertion that their "proposed brief provides useful information" and "addresses" Plaintiffs' "arguments," their motion does not explain how their information and arguments will be meaningfully different from what we already have seen in DOJ's opening brief or what we will see when, on May 25, DOJ files its reply. Doc. 26 at 2–3. As Judge

4

Blackburn reasoned in *Maples*, when a party has "presented comprehensive arguments for the points raised in the amici's proposed briefs," the "amici will not be prejudiced if the court only considers the parties' briefs." 2013 WL 5350669, at *5.

At least one section of the proposed *amicus* brief, moreover, is "not relevant to the constitutional questions before the court and does not help the court in analyzing the claims." *Maples*, 2013 WL 5350669, at *5. Part III of the proposed brief purports to relay the results of a "poll" the putative *amici* say was "conducted" of "small business owners," showing their "support for legislation" that eventually became the Corporate Transparency Act. Doc. 26-1 at 20. But the issues in this case—whether the Act exceeded Congress's enumerated powers or violated provisions of the Bill of Rights—turn on the text and original meaning of the Constitution and the judicial precedents interpreting that document. They do not turn on any public-opinion poll. *See Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2278 (2022) ("The Judicial Branch derives its legitimacy, not from following public opinion, but from deciding by its best lights whether legislative enactments of the popular branches of Government comport with the Constitution.") (citation and internal quotation marks omitted).

More than anything else, these groups' motion for leave to file an *amicus* brief runs contrary to what Judges Blackburn and Ott called the "desirability" requirement of the test. *Maples*, 2013 WL 5350669, at *2 (quoted in *Alabama*, 2016 WL

7010948, at *2) (both quoting *Neonatology Assoc.,* 293 F.3d at 131). Because the Corporate Transparency Act's disclosure requirements are set to take effect in part on January 1, 2024, Plaintiffs and DOJ "cooperate[d]" in negotiating what their Joint Motion for Briefing Schedule called "a streamlined briefing schedule, in which both parties seek a final judgment by this Court relatively quickly." Doc. 16 ¶3, at 3. The proposal, which this Court adopted, included specific dates for filings and "page limitations" for each brief. *Id.* ¶5, at 3. Plaintiffs therefore filed their opening brief, limited to 40 pages, on February 15. Doc. 20 ¶1, at 1 (Expedited Scheduling Order). DOJ then had until March 29 to file its response, which was limited to 60 pages. *Id.* ¶2, at 1. Plaintiffs now have until May 2 to file their reply brief, which is limited to 40 pages, and DOJ's reply brief of no more than 20 pages will be filed by May 25. *Id.* ¶3, at 2. If the putative *amici* are granted leave to add another brief to these filings, then Plaintiffs will be required to devote some of their 40-page reply to that submission, rather than the substantial brief already filed by DOJ.

Plaintiffs raised these concerns when the putative *amici* sought Plaintiffs' consent for their motion for leave. Plaintiffs asked putative *amici*: (1) to agree that their clients would file their *amicus* brief on the Government's due date of March 29 rather than 7 days after; (2) to try to secure the Government's consent to an extension of page limits commensurate with the number of pages in the proposed *amicus* brief; and (3) to disclose the substance of the arguments in the proposed *amicus* brief, so

6

Plaintiffs could assess ahead of time whether they were appropriate for an *amicus* submission. *See* Exhibit (email correspondence between counsel for Plaintiffs and putative amici). Putative *amici* respectfully declined these requests, and their motion and brief now threaten to unnecessarily disrupt this time-sensitive case.

This Court therefore should deny their motion.

Respectfully submitted,

s/ John C. Neiman, Jr.
John C. Neiman, Jr.
MAYNARD NEXSEN, PC
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1000
jneiman@maynardnexsen.com

Kenyen Brown*
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C., 20006-2401
Telephone: (202) 721-4600
kenyen.brown@hugheshubbard.com

Thomas Lee*
thomas.lee@hugheshubbard.com
Terence Healy*
terence.healy@hugheshubbard.com
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
*admitted pro hac vice*

*Attorneys for PLAINTIFFS*
